[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2006
THOMAS K. KAHN
CLERK

--------------------------------------

No. 05-13114
Non-Argument Calendar

--------------------------------------

D.C. Docket No. 02-00371-CR-T-26EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES RAMIREZ-VALVERDE,
a. k. a. Mallizo,

Defendant-Appellant.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-------------------------------------------------------------------

**(July 10, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Andres Ramirez-Valverde appeals his 135-month

concurrent sentences, imposed pursuant to his guilty plea for conspiracy to import

5 kilograms or more of cocaine, 21 U.S.C. §§ 960(b)(1)(B)(ii) and 963, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. §§ 841(b)(1)(A)(ii), 846, and 959, and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction, 21 U.S.C. § 960(b)(1)(B)(ii) and 46 App. U.S.C. § 1903(j). No reversible error has been shown; we affirm.

Defendant pled guilty to his participation as a crewmember of a boat that transported over four tons of cocaine on three separate trips. Defendant argues that the district court should have applied a two-level minor role reduction to his offense level, under U.S.S.G. § 3B1.2(b). He contends that he was a mere crewman-machinist on the boat, that he was neither an owner nor a distributor of the drugs, and that he did not know the destination of the drugs. He characterizes his role in the offenses as that of a "nautical mule."

We review for clear error the district court's determinations about a defendant's role in an offense. See United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). The defendant bears the burden of establishing a mitigating role in the offense by a preponderance of the evidence. Id.

Sentencing courts should consider two principles when determining the defendant's role in the offense: "first, the defendant's role in the relevant conduct

for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. DeVaron, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Defendant's role in the offense was not minor. Defendant's sentence was based only on the relevant conduct for which he was held accountable at sentencing: his being a crewmember on a boat that transported over four tons of cocaine on three separate trips. Defendant admitted that he operated the boat's motor on these trips. And the district court correctly pointed to the large drug quantity in denying the minor role reduction. See De Varon, 175 F.3d at 943 (amount of drugs imported is "material consideration" in assessing defendant's role in his relevant conduct). Under these facts, we need not proceed to the second De Varon inquiry. See id. at 945 (recognizing that first inquiry may, in many cases, be dispositive). We see no error in the district court's refusal to apply a minor role reduction.

**AFFIRMED.**